42 So.2d 346

## GUY v. EVANS.
### 6 Div. 862.

Supreme Court of Alabama.

Oct. 13, 1949.

John A. Altman, of Carrollton, for appellant.

J. H. Curry, of Carrollton, for appellee.

BROWN, Justice.

The controversy in this case relates to the custody of two young boys, the sons of J. A. Guy and his former wife Estelle Guy, who were divorced on the 27th day of November, 1945, and in the decree. of divorce the custody of these two boys was awarded to the mother with the right of visitation by the father.

On August 5, 1948, subsequent to the decree of divorce, the original respondent (the father of the boys) filed his petition in the case seeking a modification of the original decree and praying that the custody of these boys (Robert Guy and James Alton Guy) be awarded to him. This petition was resisted by their mother, now Mrs. Evans. On the hearing, on testimony given ore tenus, the circuit court denied the petition and left the custody as fixed by the original decree of divorce.

The evidence shows that both Guy and his former wife have since remarried. That the mother, Mrs. Evans, lives at the original homestead of the parties, the Guys, where these children were born, and that the property has been deeded to the four children born to said marriage including these two minors. Guy's present wife has two minor children and expresses a willingness to take these two boys into her home and they each testified on the trial that they wanted to live with their father and step-mother. Much of the testimony offered on the trial goes to the question of the fitness of the two contending parties to have custody of these children. The evidence on that question is in sharp conflict and after hearing the testimony the circuit court entered a decree as above indicated.

There is little or no difference in the environment of the two homes which seek

the custody of these minors. Their interest is the paramount consideration and after due consideration of the evidence in conference we are of the opinion that it would be a useless gesture to require them at their present age to live all of the time on the farm with their mother. They, of course, are interested in the property and should not overlook their interest there and keep in touch with this home. We are at the further conclusion that it would be detrimental to keep these two boys within the shadow of the sheriff's office and force them to remain with their mother. Their love for her should inspire them to desire to be with her part of the time at least. However, we are persuaded that the testimony shows that they prefer to live in Tuscaloosa in the home of the father and step-mother especially during the school term.

The decree of divorce rendered by the circuit court committing said minors to the continual custody of the mother is, therefore, modified and the custody and control of said two boys is committed to the father during the school term from September 1st to the last of May and he is required to support and maintain them during that time. At the close of the school term the custody of said boys is committed to the mother, Mrs. Estelle Evans, during the months of June, July and August and said James Albert Guy is ordered to deliver said two boys to their mother Mrs. Estelle Evans on the first of June. He is further ordered to pay their board and keep in the amount of $10 each on June 1st, July 1st and August 1st. At the end of that time the children are at liberty to return to the home of their father to attend school in Tuscaloosa.

The case is remanded to the circuit court with authority to enforce the decree here entered. The costs are taxed against James Albert Guy.

Decree of divorce modified as to custody of minors and remanded with directions.

FOSTER, LAWSON and SIMPSON, JJ., concur.